UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Deborah Anne Fredericks,<br><br>    Plaintiff<br><br>v.<br><br>Travelers Casualty Insurance Company of America,<br><br>    Defendant | Case No.: 2:19-cv-00778-JAD-NJK<br><br>**Order Granting in Part Defendant's Motion for Summary Judgment**<br><br>[ECF No. 34] |

After being struck by an underinsured motorist in 2016, Deborah Fredericks sued her insurance provider, Travelers Casualty Insurance Company of America, for refusing to cover her medical expenses under her policy's underinsured/uninsured-motorist (UIM) provision.[1] Travelers moves for summary judgment, arguing that Fredericks has failed to marshal sufficient evidence (1) showing that the accident caused her injuries; (2) apportioning damages between her pre-existing medical conditions, the 2016 accident, and a separate car accident; and (3) demonstrating future damages.[2] Fredericks does not dispute Travelers' recitation of the facts or that she has failed to support a future-damages claim,[3] and instead argues that she does not bear the burden of apportioning damages between her pre-existing medical conditions and the accidents.

I find, under Nevada law, that factual disputes preclude summary judgment with respect to the proximate cause of Fredericks's injuries, and that apportionment of her damages based on

---

[1] ECF No. 1-1 (complaint).
[2] ECF No. 34 (motion for summary judgment).
[3] ECF No. 38.

that disputed causality is a question of credibility and weight reserved for the jury.  So while I grant in part Travelers' motion for summary judgment and dismiss Fredericks' claims for future medical damages, I deny the remainder of its motion.

## Discussion

**I.    Standard or review**

The principal purpose of the summary-judgment procedure is to isolate and dispose of factually unsupported claims or defenses.[4]  Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[5]  The moving party bears the initial responsibility of presenting the basis for its motion and identifying the portions of the record or affidavits that demonstrate the absence of a genuine issue of material fact.[6]  If the moving party satisfies its burden, the burden then shifts to the opposing party to present specific facts that show a genuine issue for trial.[7]

Who bears the burden of proof on the factual issue in question is critical.  When the party moving for summary judgment would bear the burden of proof at trial, "it must come forward with evidence [that] would entitle it to a directed verdict if the evidence went uncontroverted at trial."[8]  If the opposing party would have the burden of proof on a dispositive issue at trial, the

---

[4] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

[5] *See id.* at 322 (citing Fed. R. Civ. P. 56(c)).

[6] *Id.* at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

[7] Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Auvil v. CBS 60 Minutes,* 67 F.3d 816, 819 (9th Cir. 1995).

[8] *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)) (citation and quotation marks omitted).

moving party doesn't have to produce evidence to negate the opponent's claim; it merely has to point out the evidence that shows an absence of a genuine material factual issue.[9] In that case, the movant need only defeat one element of the claim to garner summary judgment because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."[10]

## II. Recovering UIM benefits

UIM coverage provides for the payment of first-party benefits to an insured based on damages sustained in motor-vehicle accidents involving underinsured and uninsured motorists "who are liable in tort to the insured."[11] To demonstrate liability, an insured must establish "legal entitlement" to her UIM benefits, proving (1) "fault on the part of the uninsured motorist [that] gives rise to the damages" and (2) "the extent of those damages."[12] When, as here, the cause of an injury is not readily apparent, a qualified medical expert must generally establish causation.[13] And "damages arising from a subjective injury [] require expert testimony."[14]

Although Travelers explicitly focuses on the legal-entitlement test's second element,[15] it actually challenges Fredericks's showing on both elements, arguing that she cannot show the extent of her damages because she lacks an apportionment expert who could testify as to whether

---

[9] *See, e.g., Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990).

[10] *Celotex*, 477 U.S. at 322.

[11] *State Farm v. Fitts*, 90 P.3d 1160 (Nev. 2004).

[12] *Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 384 (Nev. 1993) (quoting *Patrons Mut. Ins. Assoc. v. Norwood*, 647 P.2d 1335, 1338 (Kan. 1982)) (internal quotation marks omitted).

[13] *Lord v. State*, 806 P.2d 548, 551 (1991).

[14] *Didier v. Sotolongo*, 441 P.3d 1091 (table) (Nev. 2019) (citing *Lerner Shops of Nev., Inc. v. Marin*, 423 P.2d 298, 401 (Nev. 1967); *Gutierrez v. Sutton Vending Serv., Inc.*, 397 P.2d 3, 4 (Nev. 1964)).

[15] ECF No. 34 at 3.

her damages were proximately caused by the 2016 car crash or her other pre-existing conditions and accidents. Fredericks does not dispute that she lacks an apportionment expert but argues that, once she has established fault on the part of the motorist that gave rise to her injuries, Travelers bears the burden of apportioning her damages claims. The parties thus present a narrow legal question: under Nevada law, must a plaintiff apportion damages between multiple tortious and non-tortious causes of a single injury and, if so, can her case be dismissed as a matter of law if she lacks a medical expert to apportion those damages?

### A. Nevada law governing apportionment and causality

Nevada law appears unsettled on the matter. In *Kleitz v. Raskin*, the Nevada Supreme Court assessed whether the plaintiff or defendant bore the burden of apportioning damages "[w]hen a plaintiff suffer[ed] a single injury" from two automobile accidents—involving two different tortfeasors, "occurring one month apart"—and hoped "to recover from the second[-]accident defendants."[16] Relying heavily on a Washington-state decision, *Phennah v. Whalen*, the Court concluded that the "plaintiff must prove that the second[-]accident defendant's actions were a cause of the injury" and, once she has done so, "the burden shifts to the defendant to apportion damages" between himself and the other tortfeasors.[17] The *Phennah* court reasoned similarly, finding "that once a plaintiff has prove[n] that each successive negligent defendant has caused some damage, the burden of proving allocation of those damages among themselves is upon the defendants; if the jury finds that the harm is indivisible, then the defendants are jointly and severally liable for the entire harm."[18]

---

[16] *Kleitz v. Raskin*, 738 P.2d 508, 509 (Nev. 1987).
[17] *Id.* at 509 (citing *Phennah v. Whalen*, 621 P.2d 1304 (Wash. Ct. App. 1980)).
[18] *Phennah*, 621 P.2d at 1310.

But the *Kleitz* Court did not directly speak to the issue of apportionment—much less the burden of apportionment—when there is only one tortfeasor and multiple, tortious and non-tortious proximate causes of a plaintiff's injuries. And the *Phennah* panel only briefly invoked the issue, citing *Scott v. Rainbow Ambulance Serv., Inc.*, in which the Washington Supreme Court determined that because a negligent plaintiff had multiple, potential causes of injury and admitted that she was "unable to determine with any degree of certainty what injuries were sustained as a result of, or attributable to, " the accident in question, "the total failure to make a damage segregation was legally fatal."[19] But the Washington Supreme Court cabined the *Scott* decision's reach in *Cox v. Spangler*, holding en banc that the "negligent[-]plaintiff rule announced in *Scott*" is appropriate only when the plaintiff herself is negligent and the defendant has established that the plaintiff's injuries are not segregable.[20] In that case, the Court required the defendant "to apportion the damages for injuries that [the defendant] proximately caused" from the plaintiff's previous injuries because the plaintiff was not negligent, and it found that the defendant had not met her burden of apportionment.[21] Regardless, Nevada's High Court neither adopted nor invoked the rules recited in *Scott* or *Cox*.

Despite this absence of controlling authority, another judge in this district broadly held in *Schwartz v. State Farm Mut. Auto. Ins. Co.* that when "a plaintiff has a pre-existing condition, and later sustains an injury to that area, the [p]laintiff bears the burden of apportioning the injuries, treatment[,] and damages between the pre-existing condition and the subsequent

---

[19] *Scott v. Rainbow Ambulance Serv., Inc.*, 452 P.2d 220, 221 (Wash. 1969).
[20] *Cox v. Spangler*, 5 P.3d 1265, 1273 (Wash. 2000) (en banc).
[21] *Id.* at 1273.

5

accident."[22]  But in a persuasive-if-unpublished opinion, the Nevada Court of Appeals discounted this rule in *Wynn Las Vegas, LLC v. O'Connell*, reasoning that "[i]n a negligence action, when a plaintiff has preexisting medical conditions and additional injuries occur after the event at issue, causation and damages are a question of weight and credibility left to the jury."[23]  That decision, which affirmed a trial-court order expressly discrediting the *Schwartz* decision,[24] relied on the Nevada Supreme Court decision in *Fox v. Cusick*, which similarly reasoned that "it was within the province of the jury" to "weigh the evidence" of multiple, non-tortious proximate causes potentially responsible for the plaintiff's injuries.[25]  It made no mention, however, of the need for apportionment experts to assess that causality.  And at least one other judge in this district has reasoned similarly to those courts, holding that when the parties dispute the extent of damages, and a damages expert points to multiple, potential proximate causes, "a jury must decide if [plaintiff's] fall exacerbated her already existing injuries and caused her need for future treatment."[26]

      Under the *Kleitz*, *Cox*, *Fox*, and *Wynn* decisions, the plaintiff clearly bears the burden of establishing proximate cause and cause-in-fact.  Assuming that the plaintiff is not herself a

---

[22] *Schwartz v. State Farm Mut. Auto. Ins. Co.*, No. 2:07-cv-00060, 2009 WL 2197370, at *6 (D. Nev. Jul. 23, 2009).

[23] *Wynn Las Vegas, LLC v. O'Connell*, No. 70583, 2018 WL 4405474, at *4 (Nev. Ct. App. Aug. 30, 2018).

[24] *Id.* (affirming *O'Connell v. Wynn*, No. A-12-655992-C, 2016 WL 11653105, at *6 (Nev. Dist. Ct. May 24, 2016) ("This is a familiarly incorrect argument (and, indeed, was raised and rejected during trial for the same reasons as it is now) because the legal premises upon which it rests are infirm.  The main cause of confusion in this and other cases is the federal case of *Schwartz v. State Farm Mut. Auto Ins. Co.*")).

[25] *Fox v. Cusick*, 533 P.2d 466, 468 (Nev. 2018).

[26] *Pierucci v. Smith's Food & Drug Centers, Inc.*, No. 2:18-cv-01452, 2020 WL 2527021, at *4 (D. Nev. May 18, 2020).

negligent cause, and both parties have established multiple, proximate causes for injuries, the defendant generally bears the burden of apportioning those damages for which it is proximately responsible.[27] But disputed questions of proximate cause and the extent of damages are generally left to the jury's assessment.

### B. Summary judgment is inappropriate for Fredericks's damages.

#### *1. Disputes of fact remain over proximate cause and divisibility.*

Directing their attention exclusively to the "extent" of Fredericks's damages, the parties improperly gloss over whether Fredericks has established proximate cause for her injuries. As *Kleitz* held, proving proximate cause is the plaintiff's central burden: "plaintiff must establish that defendant's actions were *a* cause of [her] injury," if not necessarily *the* cause.[28] Travelers appears to argue both sides of this question, asserting that Fredericks has not met this burden, but

---

[27] This also accords with the Restatement of Torts' view, cited by the *Kleitz* court, which notes that "[d]amages for harm are to be apportioned among two or more causes where (a) there are distinct harms, or (b) there is a reasonable basis for determining the contribution of each cause to a single harm." Restatement (Second) § 433A. "Where the tortious conduct of two or more actors has combined to bring about harm to the plaintiff, and one or more of the actors seeks to limit his liability on the ground that the harm is capable of apportionment among them, the burden of proof as to the apportionment is upon each such actor." *Id.* at § 433B(2). *See also Blatz v. Allina Health Sys.*, 622 N.W.2d 376, 390 (Minn. Ct. App. 2001) (holding that the burden of apportionment "between a pre-existing condition and an at-fault defendant" rests with the defendant); *Newbury v. Vogel*, 379 P.2d 811, 813 (Colo. 1963) (holding that the defendant was responsible for the entire damage when the court found it impossible to apportion between damages from an accident and damages for a pre-existing arthritic condition); *Lovely v. Allstate Ins. Co.*, 658 A.2d 1091, 1092 (Me. 1995) (holding that the defendant was liable for all damages to a plaintiff's elbow when the court was unable to apportion injuries between an accident and pre-existing fracture); *David v. DeLeon*, 547 N.W.2d 726, 730 (Neb. 1996) (concluding that the burden of apportioning damages resulting from tortious conduct and pre-existing conditions "rests squarely on the defendant"); *Bigley v. Craven*, 769 P.2d 892, 898 (Wyo. 1989) (holding that the jury should be instructed that if it is unable to apportion plaintiff's damages between a pre-existing disability and a condition caused by an accident, then the defendant is liable for the entire damages award).

[28] *Kleitz*, 738 P.2d at 510.

7

also seemingly assuming that the issue of proximate cause has been settled.[29] The central deficiency in Travelers' motion, however, is that it points to no authority requiring a plaintiff to present an apportionment expert to determine proximate cause of an injury, as opposed to a medical expert who could opine as to proximate cause more generally. Nor has Travelers identified controlling authority placing the burden of demonstrating apportionment on a plaintiff when the plaintiff herself was not negligent. Regardless, the testimony Travelers identifies indicates that both sides' medical experts disagree as to whether, and to what extent, Fredericks' injuries were caused by the 2016 accident.[30] So I cannot resolve the issue of proximate cause at summary judgment.

> **2.    Nevada leaves disputes of fact over proximate cause and apportionment to the jury's assessment.**

Given that the issue of proximate cause appears disputed, any subsequent apportionment of damages should be left to the jury's credibility and weight determinations. Not only do *Fox* and *Wynn* appear to require that result, but multiple courts have reasoned similarly, leaving disputes over proximate cause and the extent of a plaintiff's damages to the jury. In *Quintero v. McDonald*, for example, defendants did not "present expert testimony challenging causation" but instead cross-examined the plaintiff's witnesses, "controvert[ing plaintiff's] claim as to the extent of her injuries" and "reveal[ing] that [plaintiff] suffered from a pre-existing back injury, which could have caused her injuries."[31] Noting that the "credibility of witnesses and the weight

---

[29] ECF No. 34 at 14 ("Plaintiff has no expert who, to a reasonable degree of medical probability, conducted an apportionment and can opine on what treatment she received solely due to the subject accident in this case versus treatment arising from Plaintiff's pre-existing conditions or subsequent 'exacerbation' injuries from the 2017 crash.").

[30] ECF No. 34.

[31] *Quintero v. McDonald*, 14 P.3d 522, 524 (Nev. 2000).

given to their testimony is within the sole province of the trier of fact," the Nevada Supreme Court in *Quintero* upheld the jury's denial of a damages award because it could reasonably "have disbelieved [plaintiff's] testimony concerning her alleged pain and suffering and, thus, could have reasonably inferred that she was not injured as a proximate result of the accident."[32]  So too in *Pierucci v. Smith's Food & Drugs Centers, Inc.*, in which another judge in this district left it to the jury to weigh proximate cause and the extent of damages when "causation and apportionment remain in dispute."[33]  I agree with those courts' reasoning.  Accordingly, because Fredericks concedes that she will not seek future medical damages, I grant Travelers' motion for summary judgment with respect to that issue alone and deny Travelers' motion in all other respects.

## Conclusion

IT IS THEREFORE ORDERED that Travelers' motion for summary judgment **[ECF No. 34] is GRANTED IN PART.**  I dismiss Fredericks' claims for any future medical expenses and deny the remainder of Travelers' motion in all other respects.

IT IS FURTHER ORDERED that the parties must file their joint pretrial order by March 5, 2020.

_____
U.S. District Judge Jennifer A. Dorsey
February 23, 2021

---

[32] *Id.* at 524.

[33] *Pierucci*, 2020 WL 2527021, at *4.